Date signed January 22, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                    :
                                          :
MARK BRIAN REEDER                         :    Case No. 05-21017PM
                                          :           Chapter 7
           Debtor                         :
- - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

On January 18, 2007, the court heard the Motion filed by Sally Reeder seeking an order holding the Debtor in contempt of this court's Consent Order Determining Non-Dischargeability of Debt entered June 27, 2006, in Adversary No. 05-1932. The Consent Order resolved the adversary proceeding filed by Sally Reeder pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(15). The Order provided for the payment of the arrearages upon the terms and conditions set by the Circuit Court for Washington County, Maryland, with respect to that portion of the Complaint dealing with claims under § 523(a)(5) that could not be discharged in any event, .

However, with respect to that portion of the Complaint brought under § 523(a)(15) dealing with the marital award, in the original amount of $234,000.00 payable on the 15th day of the month at the rate of $3,250.00 a month, the parties agreed that all but $79,800.00 of the monetary award would be discharged. The part not discharged was ordered to be paid at the rate of $500.00 a month, commencing on the 1st day of July, 2006, through June, 2007, and commencing on the 1st day of July, 2007, for 123 consecutive months in installments of $600.00 until the first day of September, 2017, time being of the essence. The Consent Order resulted in a reduction of approximately 2/3 of that obligation. This bankruptcy case under Chapter 7 was

filed on May 10, 2005

The accounting of payments under the Consent Order and the supporting documents were received into evidence without objection. At the time of the hearing, the arrearage under the Consent Order was $3,761.60. Debtor sought to explain his failure to make the payments, notwithstanding the discharge of all of his unsecured debts other than that covered by the Consent Order, by the fact that he lost the lease on his business premises and that, following his departure from that business, he was employed but got into a dispute with his new employer and that he is now seeking to support himself by selling real estate. The court believes his testimony that his income has fallen. Whether this success is through a lack of effort or talent or opportunity, or all three, need not be resolved at this time.

The court finds as a fact that the Debtor made no effort to go back into the industry in which he had prospered. His standing in that industry is evidence by the fact that the Judgment of Divorce provided for alimony provided for alimony of $1,000.00 to the Movant, child support of $1,250.00 a month, attorney's fees of $7,500.00, accounting fees of $15,195.00, and a monetary award adjusting the rights of the parties in property of $234,000.00, payable at $3,250 a month. His current obligations are a small fraction of that originally ordered by the Circuit Court for Washington County.

The court finds as a fact that the Debtor deliberately pursued less remunerative employment in an effort to frustrate the efforts of his former wife to collect what was ordered in the state court proceeding and reduced by this court. The court finds as a fact that the Debtor is in contempt of this court's Order entered June 27, 2006, less than seven months before the hearing and slightly more than five months before the filing of the Motion for Contempt. Inasmuch as the non-dischargeable support obligations are enforced by the Circuit Court for Washington County, Maryland, the court will not interfere with that court's enforcement of its own order. However, the court will enforce that portion of the Consent Order dealing with the monetary award adjusting rights in property portion.

In passing this order for contempt, the court observes that orders entered by consent, particularly where here, the parties were represented by experienced and diligent counsel, are entitled to the greatest deference. An appropriate order will be entered.

cc:
Roger Schlossberg, Esq., 134 W. Washington Street, P.O. Box 4227, Hagerstown MD 21741
Mark B. Reeder, 13548 Donnybrook Drive, Hagerstown, MD 21742
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Merrill Cohen, Trustee, 7101 Wisconsin Avenue, Suite 1200, Bethesda, MD 20814
Honorable John H. McDowell, Circuit Court for Washington County, Maryland

**End of Memorandum**